Rodríguez, Apelante, *v.* Ramírez et al., Apelados.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 942.—Resuelto en mayo 5, 1913.

Enmiendas—Eliminación de Partes—Presentación de Nueva Alegación Enmendada.—Cuando un demandante elimina de su demanda varias partes demandadas, debe presentar una nueva demanda en la forma en que ha quedado enmendada.

Sociedad Colectiva—Responsabilidad de los Socios—Transformación de la Misma en Corporación—Excusión.—Para que pueda exigírsele a los socios responsabilidad por las deudas de la sociedad, es necesario hacer excusión de los bienes de ésta y no constituye tal excusión el quedar incumplida por falta de bienes una sentencia dictada contra la corporación que adquirió los bienes de la sociedad y en la cual quedó transformada aquélla por acuerdo de los socios, a menos que en el acta de constitución de dicha corporación se comprometiera ésta a pagar todas las obligaciones de la sociedad original.

Cosa Juzgada—Sociedad Colectiva—Transformación de la Misma en Corporación.—Cuando una sociedad colectiva se transforma por acuerdo de sus socios en una corporación y vende a ésta sus propiedades, no por ese solo hecho puede decirse que ésta sea una continuación de la personalidad de aquélla y la sentencia dictada contra la corporación no puede alegarse como cosa juzgada en otra acción de la misma naturaleza contra los socios de la anterior sociedad, pues falta el requisito de identidad de partes demandadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José G. Torres.*

Abogado del demandado, Genaro Ramírez: *Sr. Leopoldo Feliú.*

Los demás apelados no comparecieron.

El Juez Asociado Wolf, emitió la opinión del tribunal.

En este caso Juan Z. Rodríguez presentó una demanda enmendada contra varios demandados, sobre cobro de cantidad. Subsiguientemente y por medio de una moción que presentó al efecto eliminó del pleito a varios de los demandados, siguiendo la acción solamente contra aquellos que hemos mencionado en el título de esta opinión. El demandante no debió haberse limitado a presentar la moción sobre eliminación sino que, de acuerdo con la práctica a que hemos llamado constantemente la atención de los abogados, debió haber acompañado una copia de la demanda con los nombres omitidos.

En la demanda enmendada se alega sustancialmente que los demandados o sus causantes constituyeron, el 31 de diciembre de 1902 y por término de cuatro años, una sociedad regular colectiva denominada "Candelaria y Fraternidad," cuyo objeto era dedicarse a la explotación de unas salinas artificiales. Que el 15 de mayo de 1903 los socios acordaron convertir la sociedad colectiva que habían formado en una campañía anónima cuyos estatutos se aprobaron el 7 de junio de 1904. La liquidación de la sociedad colectiva se encomendó a los gestores de la misma Pedro E. Ramírez, Juan A. Monagas y Manuel Montalvo, a quienes se confirió además poder para realizar la transformación y conversión de la sociedad colectiva en compañía anónima y para hacer la inscripción de esta última en el registro de corporaciones. Que los indicados gestores comparecieron por sí y como representantes de otras personas, ante el demandante, que entonces ejercía su profesión de notario público actuando en Mayagüez como sustituto del Notario Alfredo Arnaldo Sevilla, y otorgaron la escritura número 96 de agosto 26, 1904, para llevar a cabo la modificación de la sociedad regular colectiva "Candelaria y Fraternidad," y su conversión en la nueva compañía anónima titulada "Porto Rico Salt Company." Que el mismo día 26 de agosto de 1904 los propios señores Ramírez, Monagas y Montalvo, otorgaron ante el propio demandante en su antes dicho carácter de notario, la

escritura número 97, dejando constituída la nueva compañía
anónima ''Porto Rico Salt Company,'' por tiempo ilimitado,
con domicilio en Puerto Rico y oficina central en Mayagüez.
Que en 29 de noviembre de 1904 los mismos señores Ramírez,
Monagas y Montalvo, volvieron a comparecer ante el notario
demandante y otorgaron una tercera escritura para hacer
constar que las acciones de condominio que constituían el
capital de la sociedad colectiva ''Candelaria y Fraternidad''
y que pasaron a constituir el caudal de la ''Porto Rico Salt
Company'' se encontraban afectas a una hipoteca a favor del
Banco Territorial y Agrícola de Puerto Rico y otra a favor
de Don Conrado Palau por valor ambas de $46,947.06. Que
desde que se otorgó el último documento el notario deman-
dante comenzó a hacer gestiones para el cobro de los $2,880
que, con arreglo al Arancel, importaban sus honorarios, sin
que dieran resultado sus gestiones privadas. Que el de-
mandante entabló entonces dos acciones judiciales, una con-
tra la compañía ''Porto Rico Salt Company'' que fué re-
suelta condenando a la demandada al pago de la suma recla-
mada, intereses y costas, por sentencia de la Corte de Dis-
trito de Mayagüez de 13 de febrero de 1906, cuya sentencia
no pudo hacerse efectiva por haber el Banco Territorial y
Agrícola rematado en cobro de su hipoteca todos los bienes
de la compañía; y otra contra don Pedro E Ramírez, en su
carácter de director de la ''Porto Rico Salt Company,'' que
fué declarada sin lugar; y que en su consecuencia y resul-
tando que los señores Ramírez, Montalvo y Monagas actuaron
como gestores de la sociedad regular colectiva ''Candelaria
y Fraternidad'' al verificar el otorgamiento de las escrituras,
todos los socios de la dicha sociedad son responsables per-
sonal y solidariamente con todos sus bienes a las resultas de
las operaciones hechas a nombre y por cuenta de la sociedad,
y el demandante ejercita contra ellos su acción en cobro de
los expresados $2,880 importe de las repetidas escrituras.

Los demandados formularon excepción previa a la de-
manda, alegando que era ambigua, que la acción había pres-

crito, que la demanda no aducía hechos suficientes para determinar una causa de acción, y por el fundamento de *cosa juzgada*. La corte desestimó los dos primeros fundamentos, pero declaró con lugar la excepción por el fundamento de que la demanda no aducía hechos suficientes para determinar una causa de acción, y además por el de *cosa juzgada.*

El demandante creyó al parecer que siendo la "Porto Rico Salt Company" la sucesora de la "Candelaria y Fraternidad," y habiéndose hecho cargo de los bienes de esta última, dicha compañía era en efecto la continuadora legal de la personalidad o entidad de la primitiva sociedad, en forma algo parecida a la que tiene lugar cuando un gobierno sustituye a otro. La alegación consiste al parecer, en que habiendo el demandante hecho la excusión en los bienes de la sociedad, puede ahora proceder individualmente contra los socios que constituyeron la sociedad colectiva "Candelaria y Fraternidad."

El demandante cree al parecer que la acción seguida por él contra la "Porto Rico Salt Company," era equivalente a hacer la excusión en los bienes de la "Candelaria y Fraternidad," pero esta teoría carece evidentemente de fundamento. La sociedad "Candelaria y Fraternidad" es una entidad distinta. Fué esa sociedad la que por medio de sus gestores y accionistas compareció ante el notario, si lo hizo, y su responsabilidad legal debe quedar establecida antes de que pueda surgir una acción contra sus socios en particular. Entendemos que la sentencia de la Corte Suprema de España dictada en 17 de diciembre de 1873 es de aplicación a este caso, aun cuando el Código de Comercio que rige en esta isla sea de fecha posterior. El principio relativo a la responsabilidad principal de la sociedad es aún aplicable de acuerdo con el actual código. Y no establece diferencia alguna que la sociedad "Candelaria y Fraternidad" haya sido disuelta y sus bienes pasado a formar parte de los de la nueva compañía. Antes de que puedan ser demandados los socios individualmente deberá ejercitarse la acción contra la sociedad o sus

sucesores legales. Puede ser que la sociedad tenga todavía alguna existencia legal para fines judiciales; quizás los liquidadores representan a la sociedad, pero de todos modos el pleito contra la sociedad anónima no era equivalente a uno contra la sociedad. Esa compañía era enteramente una nueva entidad jurídica. Se regía por sus propias leyes y era muy posible que tal vez tuviera distintos funcionarios y un cambio completo de accionistas. Las personas que hacían negociaciones con ella no estaban obligadas a conocer sus antecedentes a menos que existiera algo en sus cláusulas de incorporación acerca de este particular.

Por la misma razón que una corporación es una entidad jurídica con facultades determinadas, no vemos razón alguna por la cual deba declararse con lugar la excepción previa, por el fundamento de *cosa juzgada.* La "Candelaria y Fraternidad" era una sociedad cuya existencia, objeto y responsabilidad estaban bien determinados. La "Porto Rico Salt Company" era una entidad distinta, no habiendo por consiguiente identidad de partes demandadas.

La sentencia debe confirmarse por no expresar la demanda una causa de acción.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.